# In the United States Court of Federal Claims

No. 20-169T

(Filed: September 18, 2020)

```
*************************************
JESSE GRAVES YATES, III,              *
                                      *
                Plaintiff,            *
                                      *
        v.                            *
                                      *
THE UNITED STATES,                    *
                                      *
                Defendant.            *
*************************************
```

Pro Se Plaintiff; RCFC 12(b)(1); RCFC 12(b)(6); Tax Refund Suit; Claims Against Individuals; Torts; Criminal Violations; Due Process; Taxpayer Bill of Rights; Prior Decision of Tax Court for Same Tax Year; Res Judicata; Illegal Collection; Flora Full Payment Rule; I.R.C. §§ 6402(a), 6512(a), 7421(a), 7433(a), 7482(a)(1), 7803(a)(3)

Jesse G. Yates, III, Myrtle Beach, SC, pro se.

Elizabeth A. Kanyer, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**SWEENEY**, Chief Judge

      In this case, pro se plaintiff Jesse G. Yates, III alleges that the Internal Revenue Service ("IRS") violated his rights in a number of ways, and that the tax liability and penalties determined by the United States Tax Court ("Tax Court") for his personal income tax for 2006 should be changed either by this court or the Tax Court.[1] He requests monetary relief in the amount of $18,558. The complaint also expresses a request for injunctive relief, particularly as to the continued collection efforts of the IRS for the 2006 tax year. As of April 13, 2020, according to the IRS account records submitted by defendant, Mr. Yates had an outstanding balance for 2006 of over $150,000, which includes tax, penalties, and interest.

      Defendant moves to dismiss Mr. Yates's complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which this court can grant relief. For the reasons explained below, Mr. Yates's claims are beyond the subject-matter jurisdiction of the United States Court of Federal Claims ("Court of Federal Claims") and in some respects also fail to state a claim for which relief can be granted. Accordingly, the court grants defendant's motion and dismisses the complaint.

---

[1] Although the tax return filed for that year was a joint return, plaintiff's spouse is not a party to this suit. Throughout this opinion, therefore, the court will discuss plaintiff's tax issues as if he acted alone, even though the full narrative of the tax liabilities in question would include reference to Mr. Yates's wife as well.

## I. BACKGROUND

In 2006, Mr. Yates sold some real estate to Russell Maynard for the purchase price of $2,150,000.[2] Compl. 1, 10, E42.[3] After an audit of Mr. Yates's tax return for 2006, the IRS did not agree with the tax treatment claimed by Mr. Yates for his income that year. On November 17, 2010, the IRS issued a Notice of Deficiency stating that Mr. Yates owed $123,648 in taxes and an accuracy-related penalty of $24,729.60 for 2006. Def.'s App. 22-24. Mr. Yates timely petitioned the Tax Court on February 14, 2011, disputing both the tax and the penalty for 2006. Id. at 20-41.

The Tax Court judge held a trial and ruled against the government's position, in part. Compl. E72. Nonetheless, the IRS prevailed to the extent that the court found that for 2006, Mr. Yates still owed $70,912 in taxes and $14,182.40 for an accuracy-related penalty. Id. at E37. The Tax Court's analysis is set forth in a decision dated January 24, 2013, which Mr. Yates unsuccessfully appealed to the United States Court of Appeals for the Fourth Circuit. Id. at E35-E72; see also Yates v. Comm'r, 105 T.C.M. (CCH) 1205, aff'd, 548 F. App'x 68 (4th Cir. 2013). The United States Supreme Court denied Mr. Yates's petition for a writ of certiorari. Yates v. Comm'r, 572 U.S. 1118 (2014).

Undeterred by the outcome of his appeal, Mr. Yates filed five additional suits either in the Tax Court or the United States District Court for the Western District of North Carolina that focused on various aspects of his tax dispute with the IRS. The suits have all been dismissed or decided against Mr. Yates. See Yates v. IRS, No. 15-cv-21, 116 A.F.T.R. 2d 2015-6827 (W.D.N.C. May 6, 2015), aff'd, 622 F. App'x 252 (4th Cir. 2015); Yates v. Garrison, No. 14-CV-68, 2014 WL 6605484 (W.D.N.C. Nov. 20, 2014), aff'd, 599 F. App'x 523 (4th Cir. 2015); Yates v. Comm'r, No. 1991-20, slip op. (T.C. July 29, 2020); Yates v. Comm'r, No. 1990-20, slip op. (T.C. July 29, 2020); Yates v. Comm'r, No. 16473-15L, slip op. (T.C. Aug. 15, 2016), aff'd, 683 F. App'x 221 (4th Cir. 2017). As recently as July 10, 2020, Mr. Yates attempted to re-open his original Tax Court action for further proceedings, but his efforts were rejected. Pl.'s Suppl. Resp. 79-84.

According to the exhibits filed by Mr. Yates, he has also been in communication with the IRS regarding his outstanding tax liability for 2006. Id. at 65-78. These documents show that

---

[2] The facts in this section—which are undisputed for the purpose of resolving defendant's motion to dismiss—derive from the complaint, the parties' submissions (including attached exhibits), and matters of which the court may take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence. See Rocky Mountain Helium, LLC v. United States, 841 F.3d 1320, 1325-26 (Fed. Cir. 2016).

[3] Because Mr. Yates's filings are not consistently paginated, the court uses the page numbers generated by the court's electronic filing system for the complaint, complaint exhibits, his response brief, and his supplemental response brief. For the complaint exhibits, which were filed as an attachment to the complaint, the page number is distinguished by adding an E before the page number (Compl. E1, Compl. E2, etc.).

Mr. Yates continues to contest the extent of his tax liability for 2006. The latest round of these communications, in July 2020, does not appear to have resulted in any agreement regarding the 2006 tax year. Id. at 72-78.

On February 18, 2020, Mr. Yates filed suit in this court. Although the complaint meanders through a thicket of facts and legal concepts, two grievances appear to be of primary concern. First, the IRS credited certain amounts received in tax payments for other tax years to Mr. Yates's liability for 2006. Compl. 1-2. Thus, one of Mr. Yates's claims is for the return of those amounts credited to 2006 because, he appears to argue, his tax liability for 2006, determined by the Tax Court in 2013 and thereafter subject to collection by the IRS, is not accurate. This monetary claim is in the amount of $18,558. Id. at 2.

The other principal grievance in the complaint is the collection by the IRS of the outstanding balance of Mr. Yates's tax liability for 2006. This topic is most succinctly summarized by the statement: "Amount u say we owe [$]154,000 plus." Id. at E27. Elsewhere in plaintiff's filings is a partial copy of an IRS Notice of Intent to Levy in the amount of $154,102, dated September 18, 2019. Pl.'s Resp. 22-24 (3 of 6 pages); Pl.'s Suppl. Resp. 65 (1 of 6 pages). Mr. Yates asserts a request for injunctive relief regarding this collection activity. See Compl. 2 (requesting that "the IRS . . . be halted from any further collection of our property"), 3 (presenting arguments "as a consideration for temporary injunctive relief"), 6 ("We therefore plea for post tr[ia]l judicial injunctive review to see if these injustices and accounting errors can be remedied."), 10 ("We beg for injunctive relief to prevent seizure of what we have left, we have done nothing wrong, and we ask the courts to compel the IRS agent to testify to seek the truth and justice. And if the IRS refuses to comply, we ask the court to make the injunction permanent and . . . refund what has been confiscated so far.").

Throughout the complaint there are other references to Mr. Yates's legal rights and the impact that the Tax Court and the IRS have allegedly had upon those rights. The court will discuss some of those allegations in the analysis section of this opinion. The principal questions before the court, however, are whether Mr. Yates may challenge the tax liability and penalty determined by the Tax Court in this court, and whether this court is the proper forum to address the collection activities of the IRS related to the outstanding balance of tax, penalty, and interest owed by Mr. Yates for tax year 2006. These questions have been squarely addressed in defendant's motion to dismiss, filed pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC").

Plaintiff filed two briefs responding to the motion, the second of which was filed by leave of the court. The supplemental response brief contains more exhibits and includes almost all of the material submitted in the first response brief, so it is upon this brief that the court relies.[4] In this supplemental response brief, Mr. Yates states his intent to add an additional monetary claim against the United States, so that he can be reimbursed for $76,000 in accountant's fees that were paid to comply with the IRS audit of his 2006 tax return. Pl.'s Suppl. Resp. 7 ("We now ask the

---

[4] Only three pages of the first response brief are omitted in the supplemental response brief, see Pl.'s Resp. 11, 23-24. and these have been duly considered by the court.

judge to grant us [$]76,000 in CPA fees as well and amend our claims."). The informally "amended claims" will also be addressed in the analysis section of this opinion.

Once defendant filed its reply brief, briefing of defendant's motion to dismiss was complete and no further filings were accepted from the parties. Neither party requested oral argument, and the court deems it unnecessary. Defendant's motion is now ripe for adjudication.

## II. LEGAL STANDARDS

### A. Pro Se Plaintiffs

Pro se pleadings are "held to less stringent standards than formal pleadings drafted by lawyers" and are "to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, this leniency does not relieve a pro se plaintiff from jurisdictional requirements. See Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995) ("The fact that [the plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be."). In other words, a pro se plaintiff is not excused from his burden of proving, by a preponderance of evidence, that the court possesses jurisdiction. Banks v. United States, 741 F.3d 1268, 1277 (Fed. Cir. 2014) (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)).

### B. Standards of Review

#### 1. RCFC 12(b)(1)

With respect to a motion to dismiss for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, that the court possesses subject-matter jurisdiction. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). In determining whether subject-matter jurisdiction exists, the court "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." Id. However, the court is not limited to the pleadings in considering subject-matter jurisdiction. Banks, 741 F.3d at 1277; Pucciariello v. United States, 116 Fed. Cl. 390, 400 (2014). If the court finds that it lacks subject-matter jurisdiction over a claim, RCFC 12(h)(3) requires the court to dismiss that claim.

#### 2. RCFC 12(b)(6)

A claim that survives a jurisdictional challenge remains subject to dismissal under RCFC 12(b)(6) if it does not provide a basis for the court to grant relief. Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002) ("A motion to dismiss . . . for failure to state a claim upon which relief can be granted is appropriate when the facts asserted by the claimant do not entitle him to a legal remedy."). To survive an RCFC 12(b)(6) motion to dismiss, a plaintiff must include in his complaint "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In other words, a plaintiff must plead "factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). In ruling on such a motion, the court must "accept as true all of the factual allegations contained in the complaint." Erickson, 551 U.S. at 94 (citing Twombly, 550 U.S. at 555-56). Further, "a court 'must consider the complaint in its entirety, . . . in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" Rocky Mountain Helium, 841 F.3d at 1325 (quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)).

### C. Subject-Matter Jurisdiction

Whether the court possesses jurisdiction to decide the merits of a case is a "threshold matter." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall) 506, 514 (1868). Therefore, it is "an inflexible matter that must be considered before proceeding to evaluate the merits of a case." Matthews v. United States, 72 Fed. Cl. 274, 278 (2006); accord K-Con Bldg. Sys., Inc. v. United States, 778 F.3d 1000, 1004-05 (Fed. Cir. 2015).

The ability of the Court of Federal Claims to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity "may not be inferred, but must be 'unequivocally expressed.'" United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003) (quoting United States v. Mitchell, 445 U.S. 535, 538 (1980)). The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States, not sounding in tort, that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (2018); White Mountain Apache, 537 U.S. at 472. However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). Instead, the substantive right must appear in another source of law, such as a money-mandating constitutional provision or statute. Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

### D. Tax Refund Suits

Congress has granted the Court of Federal Claims the authority to entertain tax refund suits. 28 U.S.C. § 1346(a)(1); United States v. Clintwood Elkhorn Mining Co., 553 U.S. 1, 4 (2008). To bring a tax refund suit in this court, a plaintiff must: (1) make full payment of his tax liabilities, Flora v. United States, 362 U.S. 145, 177 (1960); Diversified Grp. Inc. v. United States, 841 F.3d 975, 981 (Fed. Cir. 2016); and (2) file a timely claim for refund with the IRS, I.R.C. § 7422(a) (2018). Although these are not the only prerequisites to filing a tax refund suit in this court, they are the most relevant to Mr. Yates's claims.

## III.  ANALYSIS

Although the majority of the complaint concerns Mr. Yates's challenge to the Tax Court's determination of his tax and penalties for 2006, numerous allegations in the complaint focus narrowly on IRS personnel and the procedural fairness of the trial held by the Tax Court. The court has given thorough consideration to all of plaintiff's contentions. This opinion will therefore address claims that might potentially be discerned in the narrative of the IRS audit and the Tax Court proceedings provided by Mr. Yates, even if his contentions are somewhat fragmentary and lacking in organizational focus.

The other primary grievance in the complaint is the collection by the IRS of outstanding amounts owed for 2006, and Mr. Yates's request for injunctive relief in this regard. There is no dispute that the IRS credited payments made by Mr. Yates for other tax years to the 2006 tax year. There is also no dispute that the IRS has threatened further actions to collect additional amounts to satisfy Mr. Yates's outstanding liability for 2006. Mr. Yates's principal claim regarding collections invokes the injunctive powers of the court, but the court will also consider his allegations of IRS misconduct in the collection process.

As explained below, the Court of Federal Claims lacks subject-matter jurisdiction to entertain Mr. Yates's claims. Mr. Yates's challenge to the Tax Court's judgment also fails to state a claim upon which this court can grant relief. The court begins with the most basic limitation on this court's jurisdiction—that only the United States can be sued in this court.

### A.  The United States Is the Only Proper Defendant in the Court of Federal Claims

Mr. Yates alleges that individual IRS agents, or IRS agents acting in collusion with others, harmed him in a variety of ways. He also alleges in his complaint that Mr. Maynard lodged false accusations against him. Finally, Mr. Yates states that the Tax Court judge who conducted the trial denied Mr. Yates "justice and fairness." Compl. 10. None of these individuals can be sued as a defendant in this court.

In the Court of Federal Claims, "the only proper defendant . . . is the United States, not its officers, nor any other individual." Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003). Because the United States itself is the only proper defendant in the Court of Federal Claims, this court lacks jurisdiction over claims alleged against "individual federal officials." Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997). Similarly, the Court of Federal Claims lacks jurisdiction "over suits against private parties." Edelmann v. United States, 76 Fed. Cl. 376, 380 (2007). In other words, "if the relief sought is against other than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court." Sherwood, 312 U.S. at 588. Accordingly, to the extent that Mr. Yates complains of improper conduct by parties other than the United States government, this court lacks jurisdiction over those claims, and they must be dismissed.

### B.  The Court Lacks Jurisdiction Over Tort Claims

Next, before turning to Mr. Yates's two primary claims, the court addresses the other claims or potential claims implicated by Mr. Yates's filings. First, the complaint could be read to include allegations that IRS conduct affecting Mr. Yates was tortious in nature, because the complaint makes repeated references to misrepresentation. Compl. 1, 4-7, 9; see also, e.g., McCreery v. United States, 161 Ct. Cl. 484, 487-88 (1963) (classifying an allegation of misrepresentation as a tort claim). To the extent that Mr. Yates seeks relief in this court based on alleged tortious conduct by the IRS, the Court of Federal Claims lacks jurisdiction. 28 U.S.C. § 1491(a)(1); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008). Any tort claim that could be discerned in the complaint must be dismissed for lack of subject-matter jurisdiction.

### C. The Court Lacks Jurisdiction Over Claims Alleging Violations of Criminal Law

Second, although the complaint does not accuse the IRS of criminal conduct, Mr. Yates's supplemental response brief includes this allegation. Pl.'s Suppl. Resp. 1, 5-9, 13-15, 18-19, 74-77, 81. To the extent that Mr. Yates, through the filing of this brief, could be considered to have presented an additional claim against the United States for the court's review, even though he did not file an amended complaint, such a claim is not within this court's jurisdiction. The Court of Federal Claims has no jurisdiction over violations of criminal laws. Joshua v. United States, 17 F.3d 378, 379 (1994). Thus, any claim that could be discerned in the complaint or Mr. Yates's other filings that alleges the violation of criminal laws by the IRS, or by any other person or entity, must be dismissed for lack of subject-matter jurisdiction.

### D. The Court Lacks Jurisdiction Over Mr. Yates's Due Process Claim

Third, Mr. Yates asserts in the complaint that he has been deprived of his right to due process of law. Compl. 1, 4-5, 8-9, E28-E32. However, the Due Process Clause of the Fifth Amendment to the United States Constitution is not money-mandating. Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995)). As stated above, the Court of Federal Claims lacks jurisdiction over claims that are not founded on a money-mandating source of law. See LeBlanc, 50 F.3d at 1028 (holding that the Due Process Clause of the Fifth Amendment is not "a sufficient basis for jurisdiction because [it does] not mandate payment of money by the government"). Therefore, Mr. Yates's due process claim is beyond the jurisdiction of this court and must be dismissed.

### E. The Taxpayer Bill of Rights Does Not Support Tucker Act Jurisdiction in This Court

Fourth, Mr. Yates invokes the "Taxpayer Bill of Rights" and contends that these ten rights were violated by the United States in his tax dispute with the IRS. Compl. 3-9. As defendant observes in its motion, these ten rights are codified at I.R.C. § 7803(a)(3). Defendant argues that these ten rights are not, by themselves, money-mandating, because other statutory provisions provide the specific means for ensuring that taxpayers' rights are protected by law. See I.R.C. § 7803(a)(3) ("In discharging his duties, the Commissioner shall ensure that employees of the Internal Revenue Service are familiar with and act in accord with taxpayer rights as afforded by other provisions of this title . . . ." (emphasis added)). Mr. Yates has not

mustered any authority, and the court has found none, to show that defendant's interpretation of the nature of the Taxpayer Bill of Rights is incorrect. Cf. Facebook, Inc. v. IRS, No. 17-CV-06490, 2018 WL 2215743, at *13 (N.D. Cal. May 14, 2018) (stating that the ten rights listed in the Taxpayer Bill of Rights create no new enforceable rights against the IRS).

It is plaintiff's burden to establish jurisdiction for his claims founded on the Taxpayer Bill of Rights, but he has not shown that the ten rights listed at I.R.C. § 7803(a)(3) are money-mandating so as support this court's jurisdiction under the Tucker Act. "This court . . . only can render judgment for money when a statute independently mandates payment of money damages by the United States." Calhoun v. United States, 32 Fed. Cl. 400, 405 (1994) (citing Gentry v. United States, 546 F.2d 343, 345 (Ct. Cl. 1976)), aff'd, 61 F.3d 918 (Fed. Cir. 1995). Because Mr. Yates has not shown that the Taxpayer Bill of Rights provides a money-mandating basis for this court's jurisdiction over his suit, his claim founded on these ten rights must be dismissed for lack of subject-matter jurisdiction.

### F. Mr. Yates's Claim Related to Tax Year 2006 Is Barred Because This Claim Was Litigated Before the Tax Court

Turning to the first of Mr. Yates's primary contentions, there are four distinct reasons why this court cannot address Mr. Yates's challenge to his tax liabilities for 2006. First, and most specifically, there is a statutory bar that prevents this court from reexamining a tax issue previously decided by the Tax Court. Second, this court has no power to review the decisions of other federal courts, such as the Tax Court or a federal district court. Third, once a federal court of competent jurisdiction has resolved a legal controversy, a second court is normally not permitted to allow a collateral attack on the first court's judgment under the doctrine referred to as claim preclusion or res judicata. Fourth, an allegation that another court's judgment was infirm because of fraud on the court is not an allegation sufficient to give this court jurisdiction over the issue decided by the previous court. The court addresses each of the reasons in turn.[5]

### 1. Statutory Bar

Mr. Yates contested a Notice of Deficiency for 2006 at the Tax Court. He is now barred from litigating the 2006 tax year in this court, because in these circumstances "no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court." I.R.C. § 6512(a). Although the statute allows for certain exceptions, none apply here. Even though Mr. Yates protests that he does not seek to relitigate his tax liability for 2006, that is precisely the nature of his suit. It does not matter that he seeks to examine new aspects of the former litigation and

---

[5] All of these reasons are jurisdictional in nature, except res judicata, which goes not to jurisdiction but to the complaint's failure to state a claim upon which relief can be granted. See, e.g., eVideo Inc. v. United States, 136 Fed. Cl. 164, 170 (2018) (dismissing suit under RCFC 12(b)(6) because it was barred by the doctrine of res judicata), aff'd, 748 F. App'x 327 (Fed. Cir. 2019); Larson v. United States, 89 Fed. Cl. 363, 382 (2009) (noting that the affirmative defense of res judicata is usually considered under RCFC 12(b)(6)), aff'd, 376 F. App'x 26 (Fed. Cir. 2010).

seeks to introduce new evidence, because all litigation related to the tax liability for that tax year is now barred.  See, e.g., Solitron Devices, Inc. v. United States, 862 F.2d 846, 849 (11th Cir. 1989) (noting that a taxpayer is barred from further litigation even when "the issue that the taxpayer desires to raise could not have been litigated because it depends upon facts that occurred subsequent to the Tax Court's decision"); Erickson v. United States, 309 F.2d 760, 767 & n.7 (Ct. Cl. 1962) ("[T]he Tax Court's jurisdiction, once it attaches, extends to the entire subject of the correct tax for the particular year.").  Since the final decision of the Tax Court precludes relitigation of the same claim in the Court of Federal Claims, Stephanatos v. United States, 81 Fed. Cl. 440, 442 (2008), aff'd, 306 F. App'x 560 (Fed. Cir. 2009), the court must dismiss Mr. Yates's claim regarding his tax liability for 2006 for lack of subject-matter jurisdiction.

### 2. The Court Lacks Appellate Jurisdiction to Review Tax Court Judgments

In addition, this court has no appellate jurisdiction to review the decisions of other federal courts.  See, e.g., Allustiarte v. United States, 256 F.3d 1349, 1352 (Fed. Cir. 2001) (stating that the Court of Federal Claims cannot review the decisions of bankruptcy courts); Joshua, 17 F.3d at 380 ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts . . . .").  Further, I.R.C. § 7482(a)(1) gives the United States Courts of Appeals exclusive jurisdiction to review decisions of the Tax Court.  Thus, to the extent that Mr. Yates asserts a claim that requires this court to review the tax liability established by the judgment of the Tax Court in 2013, that claim must be dismissed for lack of subject-matter jurisdiction.

### 3. Res Judicata

Next, Mr. Yates's claim regarding his tax liability for 2006 cannot succeed in this court, even if it were within this court's jurisdiction.  The doctrine of res judicata provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981).  To successfully invoke the defense of res judicata, the party asserting the bar must prove that:  (1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first.  See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.5 (1979); Jet, Inc. v. Sewage Aeration Sys., 223 F.3d 1360, 1362 (Fed. Cir. 2000).

Defendant satisfies the requirements necessary to successfully invoke the affirmative defense of res judicata.  First, the parties in this action—Mr. Yates and the government—are identical to those in the proceedings before the Tax Court.[6]  Second, the Tax Court issued a final

---

[6] That Mrs. Yates was an additional party to the Tax Court litigation does not affect the preclusive effect of the judgment on Mr. Yates.  See Chi., R. I. & P. Ry. Co. v. Schendel, 270 U.S. 611, 620 (1926) ("Identity of parties is not a mere matter of form, but of substance.").  "The doctrine of res judicata rests at bottom upon the ground that the party to be affected, or some other with whom he is in privity, has litigated or had an opportunity to litigate the same

decision based on the merits of that case. Third, the underlying facts of plaintiff's Tax Court suit, namely the transactions reported on his 2006 tax return, are identical to those presented here. The Tax Court's January 24, 2013 final decision precludes relitigation of Mr. Yates's claim related to the 2006 tax year. Accordingly, even if the court possessed jurisdiction to entertain Mr. Yates's claim regarding his tax liability for 2006, it would be dismissed for failure to state a claim upon which relief can be granted.

### 4. Fraud on the Court Allegation Does Not Bring the Claim for 2006 Within This Court's Jurisdiction

Finally, Mr. Yates asserts that the Tax Court's judgment was invalid due to a fraud perpetuated on that court. Compl. 10. This theme is expanded upon in his supplemental response brief. Pl.'s Suppl. Resp. 1, 4, 6, 8-9, 13-14, 18-19, 76, 82-84. However, although fraud on the court is a reason for the court in which the litigation occurred to reconsider and alter its holding, fraud on another court does not allow this court to review the other court's judgment. Carney v. United States, 462 F.2d 1142, 1144-45 (Ct. Cl. 1972); Nelson v. United States, No. 18-514C, 2018 WL 5318247, at *2 (Fed. Cl. Oct. 29, 2018); Haddad v. United States, Nos. 15-640C & 15-820C, 2015 WL 7730933, at *2 n.6 (Fed. Cl. Nov. 30, 2015). An allegation of fraud on the Tax Court, in other words, is ineffective as an attempt to expand this court's jurisdiction so that it may review the final judgment of the Tax Court. Mr. Yates's fraud on the court claim, which is by its nature a challenge to his tax liability for 2006, is not within this court's jurisdiction and must be dismissed.

### G. The Court Lacks Jurisdiction Over Mr. Yates's Illegal Collection Claim

Mr. Yates's second primary contention is that the collection by the IRS of his outstanding obligation for 2006 is improper. To the extent that the alleged impropriety is based on Mr. Yates's view that the judgment of the Tax Court, which determined his outstanding obligation for 2006, is invalid and should be overturned, the previous discussion in this opinion shows that the Tax Court's judgment cannot be challenged in this court. Thus, even if the court had jurisdiction over Mr. Yates's claim that directly challenges the collection activity of the IRS, which it does not, the aspect of the improper collection claim that appears to indirectly challenge his outstanding tax liability for 2006 would necessarily be dismissed because it, too, is an attempt to relitigate the judgment of the Tax Court.

The court next turns to Mr. Yates's challenge to the IRS practice of crediting payments he made for other tax years to his outstanding balance for 2006. Although the legal theory underlying Mr. Yates's challenge is not clearly stated, the payments that are the focus of Mr. Yates's claim for $18,558 concern tax years 2013, 2014, 2015, 2016, and 2018. Compl. E74-E78. According to the record supplied by defendant, which Mr. Yates does not dispute,

---

matter in a former action in a court of competent jurisdiction." Postal Tel. Cable Co. v. City of Newport, Ky., 247 U.S. 464, 476 (1918) (citing S. Pac. R.R. Co. v. United States, 168 U.S. 1, 48 (1897)). Mr. Yates had an opportunity to litigate his claim against the United States in the Tax Court, thus satisfying the identity of parties requirement for res judicata purposes.

only three of these years involved credits to Mr. Yates's outstanding balance for 2006: 2015, 2016, and 2018. Def.'s Mot. 4; Def.'s App. 3, 13, 15, 17. It is not necessary for the court to determine whether the sum in controversy is $10,432, as asserted by defendant, or $18,558, as stated in the complaint. Because as much as $18,558 from other tax years has been credited to Mr. Yates's tax liability for 2006, the question is whether this court has jurisdiction for Mr. Yates's monetary claim in the amount of $18,558. Because this monetary claim is founded on credits that Mr. Yates alleges were applied to tax year 2006, the court does not have jurisdiction over the claim.

When the IRS processed payments received for other tax years, it credited certain amounts toward Mr. Yates's 2006 tax liability instead of issuing a refund. See I.R.C. § 6402(a) (allowing the IRS to credit overpayments against outstanding tax liabilities of the same taxpayer); Smith v. United States, 4 F. App'x 759, 761 (Fed. Cir. 2001) (unpublished per curiam decision) (explaining that I.R.C. § 6402(a) "grants broad authority to the IRS to credit overpayments to any tax liability"). The only way that Mr. Yates could obtain a refund of these amounts in this court would be by filing a refund claim for the 2006 tax year. Cf. Bazargani v. Comm'r, No. CIV. A. 91-4709, 1992 WL 121607, at *2 (E.D. Pa. May 26, 1992) ("Following the seizure of her 1986 overpayment to satisfy the 1982 liability, it was incumbent upon the plaintiff to file a claim for refund of the 1982 tax within the statutory period."); Donahue v. United States, 33 Fed. Cl. 600, 605 (1995) (stating that the date the IRS credited a 1988 overpayment to an outstanding tax liability for 1985 was the operative date for determining whether the plaintiff's refund suit for 1985 was timely). As stated earlier in this opinion, however, no litigation of tax year 2006 may be brought in this court due to the statutory bar in I.R.C. § 6512(a). Therefore, the court lacks jurisdiction to consider the claim in the complaint that seeks recovery of tax overpayments for other years that were credited to Mr. Yates's outstanding balance for 2006.

As for the injunctive relief that Mr. Yates requests to prevent further collection of his tax liability for 2006, the court does not have jurisdiction over such a claim. The Anti-Injunction Act provides that except in limited circumstances not relevant here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ." I.R.C. § 7421(a); Stiles v. United States, 47 Fed. Cl. 1, 2 (2000) ("The Anti-Injunction Act provides that once a tax has been assessed, a taxpayer is powerless to prevent the [IRS] from collecting that tax."); cf. Bob Jones Univ. v. Simon, 416 U.S. 725, 736 (1974) (noting that the "principal purpose" of the Anti-Injunction Act is "the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference, 'and to require that the legal right to the disputed sums be determined in a suit for refund'" (quoting Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962))). Consequently, the court lacks jurisdiction to award the equitable relief that plaintiff requests. See Ledford v. United States, 297 F.3d 1378, 1381 (Fed. Cir. 2002) (explaining that "no statutory authority exists that would grant the Court of Federal Claims the power to enjoin an IRS collection proceeding," and noting that I.R.C. § 7421, in most situations, "flatly prohibits" courts from providing such relief); Schlabach v. United States, 97 Fed. Cl. 232, 234 (2011) ("This court's equitable authority does not allow the court to enjoin the IRS from collection of penalties or taxes even if the IRS' assessment and collection is tied directly to a claim for a

refund that is properly before the court."); Sanders v. United States, 34 Fed. Cl. 38, 48 (1995) ("Nowhere in the text of 26 U.S.C. § 7421 is there an unequivocal and express waiver of sovereign immunity."); see also Bowen v. Massachusetts, 487 U.S. 879, 905 (1988) ("The Claims Court does not have the general equitable powers of a district court to grant prospective relief.  Indeed, we have stated categorically that 'the Court of Claims has no power to grant equitable relief.'" (quoting Richardson v. Morris, 409 U.S. 464, 465 (1973) (per curiam))); Brown, 105 F.3d at 624 ("The Tucker Act does not provide independent jurisdiction over . . . claims for equitable relief.").  Mr. Yates's request for injunctive relief to halt the collection of his unfulfilled tax liability for 2006 must be dismissed for lack of subject-matter jurisdiction.

Finally, the complaint may also be read to present a claim that Mr. Yates is due monetary damages based on improper IRS collection activities.  The Internal Revenue Code permits taxpayers to bring lawsuits when "any officer or employee of the [IRS] recklessly or intentionally, or by reason of negligence, disregards any provision of [the Internal Revenue Code], or any regulation promulgated [thereunder]" when collecting federal taxes.  I.R.C. § 7433(a).  However, such actions may only be brought in federal district court.  Id.  Since the Court of Federal Claims is not a federal district court, Ledford, 297 F.3d at 1382, Mr. Yates cannot maintain an illegal collection claim here, e.g., Russell v. United States, 78 Fed. Cl. 281, 287 (2007); Betz v. United States, 40 Fed. Cl. 286, 293 (1998).  Thus, any claim for monetary damages for improper IRS collections must be dismissed for lack of subject-matter jurisdiction.

For all of the above reasons, there is no jurisdiction in this court for Mr. Yates's challenge to IRS collection activities related to his tax liabilities for 2006.

### H.  Mr. Yates's Tax Refund Claims, if any, Must Be Dismissed

As a final matter, to the extent that any of the claims in Mr. Yates's complaint could be construed to be refund claims related to tax year 2006, they must be dismissed for another reason.  Tax refund suits may not proceed in this forum unless the taxpayer has fully paid the deficiency before filing suit to obtain a refund of the taxes paid.  Under the full payment rule, this court's jurisdiction over tax refund claims is limited to those claims where the taxpayer has fully paid all taxes assessed for the tax year at issue prior to filing suit.  Flora, 357 U.S. at 75.  In other words, "payment of the assessed taxes in full is a prerequisite to bringing a refund claim." Ledford, 297 F.3d at 1382; see also Artuso v. United States, 80 Fed. Cl. 336, 338 (2008) ("A refund suit is exactly what the descriptive term implies.  Under the 'full payment rule' a plaintiff must have fully paid the tax, penalties, and interest at issue.").  Mr. Yates acknowledges that he has not paid the full amount of the liability for 2006 that is currently assessed by the IRS.  Because Mr. Yates has not satisfied the full payment rule, any refund claim he asserts in the complaint cannot proceed in this court.[7]

---

[7] Because Mr. Yates's refund claim, if any, is barred by the Flora full payment rule, the court need not consider whether any refund claim that could be discerned in the complaint is also untimely under the statute of limitations established by I.R.C. § 6532(a)(1).

The same reasoning applies to any additional refund claim asserted in Mr. Yates's supplemental response brief, via informal amendment of his claims, such as his request to be compensated for a sum of $76,000 that he spent on accounting expenses when he was audited by the IRS.[8]  Because Mr. Yates had not paid the outstanding liability for 2006, he cannot bring a refund claim for 2006 in the amount of $76,000.  Mr. Yates's amended claim for $76,000, therefore, is not within the court's jurisdiction.[9]

## IV.  CONCLUSION

The court has considered all of the parties' arguments.  To the extent not discussed herein, they are unpersuasive, meritless, or unnecessary for resolving the issues currently before the court.  The court lacks subject-matter jurisdiction to consider Mr. Yates's claims and the court does not believe that transfer of these claims would be in the interest of justice.[10]  Accordingly, the court **GRANTS** defendant's motion and **DISMISSES** the complaint.  No costs.  The clerk is directed to enter judgment accordingly.[11]

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Chief Judge

---

[8]  Mr. Yates did not specify a legal theory justifying this claim.  The court treats it as a refund claim because that is the type of monetary claim related to personal income taxes that this court may consider if certain prerequisites are met.  28 U.S.C. § 1346(a)(1).

[9]  Mr. Yates does not allege that a refund claim in the amount of $76,000 was timely filed with the IRS for 2006, which likely is another impediment to this amended claim.  See I.R.C. § 7422(a) (requiring that the taxpayer file a refund claim with the IRS before filing a tax refund suit in this court); Artuso, 80 Fed. Cl. at 338 (stating that in addition to satisfying the full payment rule, a plaintiff must also have filed a claim for a refund with the IRS for the amount of the tax at issue in compliance with I.R.C. § 7422(a)).

[10]  Mr. Yates has fully litigated his tax liability for 2006 in a variety of fora and the preclusive effect of the Tax Court's ruling undercuts his arguments challenging the collection efforts of the IRS related to that tax year.

[11]  The clerk's office shall serve this order on plaintiff, as follows:  (1) by regular United States Mail to 2000 Greens Blvd., Unit 14D, Willow Run Condos, Myrtle Beach, SC 29577; (2) by regular United States Mail to 4308 Preacher Holmes Rd., Graham, NC 27253; and (3) by e-mail to estatetrader@yahoo.com.